**Dian Song JIANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 04–2830–AG.**

United States Court of Appeals, Second Circuit.

Feb. 9, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Loretta F. Radford, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Dian Song Jiang, a citizen of China, through counsel, petitions for review of an order of the BIA entered on May 6, 2004, affirming an April 29, 2003 decision of an immigration judge ("IJ"). The IJ rejected the petitioner's application for asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

In the present case, the IJ's decision was supported by substantial evidence. Arguably, four of the implausibilities on which the IJ had, in part, based his adverse credibility determination required the IJ improperly to engage in speculation: (1) the IJ's conclusion that the sterilization notice that Jiang's wife had received should have also included Jiang, (2) his conclusion that, if Jiang had actually been detained for a week, Chinese authorities would have sterilized him at that time, (3) his belief that detention facilities in China could not be office-like, and (4) his assumption that family planning officials would necessarily report the fugitive status of a citizen to the household registration agency or that the household registration agen-

cy would necessarily input that information into their records before a registration is renewed.

However, "the evidence so overwhelmingly supports the IJ's finding, that" notwithstanding the arguable errors, "there is no realistic possibility of a different result on remand." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Numerous implausibilities supported the IJ's decision: (1) it is unlikely that village officials would seek Jiang's wife for sterilization in July 2000 when her sterilization notice indicated that she had until August 1, 2000, to report for sterilization; (2) although Jiang stated that he had obtained his notarial birth certificate in December 2000 for business purposes, he could not explain exactly why he had needed the certificate; (3) it is unlikely that Jiang would be permitted to keep his wallet while detained and allegedly beaten for an entire week; and (4) it is dubious that Jiang was able to simply walk out a door of a detention facility after being held for a week. Further, the fact that Jiang submitted a counterfeit marriage certificate supports the IJ's adverse credibility determination. These implausibilities overwhelming support the IJ's adverse credibility determination because they involve "the heart of the asylum claim," *see Secaida-Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (citing *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002)).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED.